T.C. Memo. 1996-346

UNITED STATES TAX COURT

CHARLES VERNON ROBERTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8581-87.                          Filed July 30, 1996.

<u>Bradford E. Henschel</u>, for petitioner.

<u>Anne Stacey Daugharty</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]  Respondent determined a deficiency in petitioner's 1983
Federal income tax in the amount of $5,797, plus additions to tax

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

under sections 6653(a), 6651(a)(1), 6661(a), and 6654(a) in the amounts of $289.85, $1,449.25, $579.70, and $354.89, respectively.

The issues for decision are: (1) Whether petitioner filed his 1983 Federal income tax return; (2) whether respondent should bear the burden of proof in this case because her position in the notice of deficiency was arbitrary and unreasonable; (3) whether respondent is barred by the statute of limitations from proceeding to assess and collect the 1983 tax liability; (4) whether petitioner is entitled to joint filing status; (5) whether petitioner is entitled to a dependency exemption deduction for his daughter; (6) whether petitioner is entitled to certain Schedule A itemized deductions; (7) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to timely file his 1983 return; (8) whether petitioner is liable for the addition to tax under section 6653(a) for negligence; (9) whether petitioner is liable for the addition to tax under section 6661(a) for a substantial understatement of income tax; and (10) whether petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated tax payments.[2]

_____

[2] In his brief, petitioner suggested 2 additional issues which border on the frivolous; viz, whether the Form 1040 is so ambiguous and unintelligible so as to deprive petitioner of his "due process notice pursuant to the 4th [sic] Amendment", and
(continued...)

Some of the facts have been stipulated, and they are so found.  The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.  At the time of the filing of this petition, petitioner resided in Inglewood, California.

Petitioner and his wife Evelyn Jean Roberts have one daughter, Nicole Aileen Roberts, who was born on October 2, 1969.  In 1983, petitioner, Mrs. Roberts, and Nicole resided in the family home.

During 1983, petitioner was employed as an engineer by the Sanitation Department of the County of Los Angeles.  Petitioner received wages as an employee from the County of Los Angeles in the amount of $29,029, from which no withholding taxes were deducted.  In addition, petitioner received interest income in the amount of $3,305 in 1983.  Petitioner made no estimated tax payments in 1983.  Mrs. Roberts was unemployed during 1983.

In 1983, petitioner and Mrs. Roberts owned a residence located at 2422 West 177th Street in Inglewood, California (the Inglewood property).  During 1983, petitioner and Mrs. Roberts made mortgage payments on the Inglewood property, the amounts of which were not included in the record.  In addition, petitioner

---

[2](...continued)
whether petitioner had a taxable year.  Fortunately, however, petitioner presented no argument in the brief regarding these issues.  Accordingly, we shall not address them nor the potential exposure to a sec. 6673 penalty.

and Mrs. Roberts owned an apartment building which contained nine units located at 3934 Gibraltar Avenue, Los Angeles, California (the Gibraltar property). Petitioner received rental income and incurred rental expenses with respect to the Gibraltar property, but no evidence was presented as to the amounts of any such income or expenses. Petitioner and Mrs. Roberts also owned property at 7008 Madden Avenue in Los Angeles.[3]

The Internal Revenue Service (IRS) determined that petitioner failed to file his 1983 Federal income tax return (the Federal return). A notice of deficiency was issued to petitioner on February 10, 1987. In the notice of deficiency, respondent determined that petitioner received wages of $29,029, that petitioner was entitled to one personal exemption of $1,000, and that petitioner was entitled to single filing status.

Bradford E. Henschel, petitioner's counsel herein, prepared petitioner's 1983 Federal return and California State income tax return (the California return). Neither petitioner nor Mrs. Roberts personally mailed or delivered the Federal return to the Internal Revenue Service Center in Fresno, California, for filing. Although neither petitioner nor Mrs. Roberts saw Mr. Henschel mail the Federal return, they believe he mailed the

---

[3] Mrs. Roberts testified that her father lived at the Madden Avenue property; whereas, petitioner testified that her father lived at the Gibraltar property. Thus, it is unclear whether the Madden property was rental property.

Federal return.  In addition, petitioner and Mrs. Roberts believed that they filed a request for extension of time to file the Federal return.  The record contains a copy of an Application for Automatic Extension of Time to File Personal Income Tax Return with regard to the California return, but there is no indication whether such Application was actually filed with the State of California.  Neither petitioner nor Mrs. Roberts kept a copy of the Federal return or the application for extension to file the Federal return.  Further, there is no credible evidence in the record as to when a Federal application for extension or a Federal return may have been prepared and/or mailed.

On July 10, 1987, petitioner and Mrs. Roberts filed a petition under Chapter 13 with the U.S. Bankruptcy Court in the Central District of California in Los Angeles (the bankruptcy court).  A Proof of Claim for Internal Revenue Taxes was filed by the IRS with the bankruptcy court on December 4, 1987.  The proof of claim indicates that petitioner was indebted to the United States in the amount of $55,134.52 as of the date the petition was filed with the bankruptcy court.  The attachment to the proof of claim indicates that as of December 17, 1984, no tax had been assessed for 1983, but that a penalty of $520 and interest of $153.49 had been assessed for 1983.[4]

---

[4]  According to the attachment to the proof of claim of the IRS, the bulk of the claimed indebtedness pertained to assessed

(continued...)

Petitioner contends that the notice of deficiency is arbitrary, unreasonable, and barred by the statute of limitations. In addition, petitioner argues that respondent should bear the burden of proof. Further, petitioner contends that he filed the Federal return and that he is entitled to either married filing joint or married filing separate status, a dependency exemption deduction for his daughter, and various Schedule A itemized deductions. Further, petitioner argues that he did not understate his 1983 Federal income tax and is not liable for the additions to tax under sections 6651(a)(1), 6653(a), 6654(a) and 6661(a).

Respondent contends that petitioner failed to file the Federal return. Respondent now concedes that petitioner was married in 1983 and that only one-half of the income earned by him is taxable to him in accordance with the community property laws of California. Further, respondent contends that petitioner has not proven entitlement to any Schedule A itemized deductions nor the exemption deduction for his daughter, and that petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a), 6654(a), and 6661(a).

---

[4](...continued)
taxes, additions to tax, and interest for the taxable years 1979, 1980, and 1981.

Preliminary Matters

Respondent has made a general objection to petitioner's brief. At the close of trial, we directed the parties to file briefs. Rule 151(e) addresses the form and content of briefs and directs that all briefs shall contain certain information. Rule 151(e)(3) directs that all briefs shall contain the following:

> Proposed findings of fact (in the opening brief or briefs), based on the evidence, in the form of numbered statements, each of which shall be complete and shall consist of a concise statement of essential fact and not a recital of testimony nor a discussion or argument relating to the evidence or the law. In each such numbered statement, there shall be inserted references to the pages of the transcript or the exhibits or other sources relied upon to support the statement. * * *

Petitioner's opening brief fails to comply with Rule 151. In particular, it fails to comply with paragraph (e)(3) thereof. The section entitled "Petitioner's Proposed Findings of Fact" contains incomplete statements and, with one exception, no references to either the trial transcript, exhibits, or stipulated facts.[5]

---

[5] We note that petitioner's brief is defective in many other ways. In particular, the contents and page numbers described in the Table of Contents do not match the section titles and page numbers in the body of the brief. In addition, petitioner's brief does not include a statement of the nature of the controversy and the tax involved as required by Rule 151(e)(2). Further, petitioner's brief also fails to include a concise statement of the points on which petitioner relies as required by Rule 151(e)(4). In addition, we note that

(continued...)

Petitioner's brief was of very little assistance to us. Nevertheless, we shall not hold for respondent on that basis, but have determined our findings of fact on the meager record before us.

We now turn to respondent's objections to some of petitioner's exhibits. Respondent objected to the following exhibits on the basis of authenticity: Petitioner's Exhibit 5, the California return; Petitioner's Exhibit 6, Application for Automatic Extension of Time to File the California return; and Petitioner's Exhibit 8, Escrow Statement for the Gibraltar property. Finally, respondent objected to Petitioner's Exhibit 8 on the basis of hearsay and Petitioner's Exhibit 13, an Order Holding the Franchise Tax Board in Civil Contempt, on the basis of relevancy.[6]

Proceedings in this Court are conducted in accordance with the Federal Rules of Evidence. Sec. 7453; Rule 143. Evidence

---

[5](...continued)
petitioner's brief includes a section entitled "Petitioner's Calculation of Proper Tax", which appears to be a premature attempt at a Rule 155 computation.

[6] Respondent's counsel also objected to the manner in which she received Petitioner's Exhibits 5 through 11 because they were sent to her via facsimile the morning of the trial. Although petitioner violated the pretrial order by his failure to timely provide respondent with these documents, respondent did stipulate to them. Thus, we shall not exclude them because respondent's receipt of them was delayed.

that will support a finding that the matter in question is what the proponent claims is sufficient to authenticate that evidence. Fed. R. Evid. Rule 901(b)(1). With respect to Petitioner's Exhibits 5 and 6, we believe respondent's objection goes to the weight of the evidence rather than its admissibility, and we overrule the objection. As for Petitioner's Exhibit 8, petitioner's testimony that he owns the Gibraltar property is sufficient to provide the foundation necessary for this Court to draw the inference that the evidence is what it is claimed to be. Respondent's objection to these exhibits based on authenticity is overruled.

We also overrule respondent's hearsay objection to Petitioner's Exhibit 8. The hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. Rule 801(c). Normally, hearsay is excluded from evidence unless an exception to the hearsay rule applies. Snyder v. Commissioner, 93 T.C. 529, 532 (1989). This rule is designed to avoid the introduction of evidence that may have the appearance of trustworthiness, but is not subject to the test of cross-examination. Anderson v. United States, 417 U.S. 211, 220 (1974); Snyder v. Commissioner, supra at 533. Business records are excepted from this exclusion, and we believe the

escrow document is a business record.  See Fed. R. Evid. 803(6).
Therefore, we overrule respondent's hearsay objection.

Finally, we turn to respondent's relevancy objection to
Petitioner's Exhibit 13.  Relevant evidence means evidence having
any tendency to make the existence of any fact that is of
consequence to the determination of the action more or less
probable than it would be without the evidence.  Fed. R. Evid.
401.  Petitioner's Exhibit 13 pertains to the efforts of the
California Franchise Tax Board to collect California income taxes
during petitioner's bankruptcy.  This document has no relevance
to petitioner's Federal income tax liability.  Accordingly, we
sustain respondent's objection.[7]

---

[7]  Petitioner argued that this exhibit was relevant to his
motion to dismiss based on petitioner's contention that the IRS
had already assessed a tax for the 1983 taxable year.  We had
previously denied that motion, but advised petitioner that he
could renew the motion, if appropriate, at a later point during
the proceedings.  Petitioner failed to do so.  Since there is no
pending motion to dismiss, Petitioner's Exhibit 13 cannot be
relevant to such motion.  Moreover, we fail to see any such
relevancy in any event.

Filing of the Federal Return and the Statute of Limitations

Respondent's transcript of petitioner's 1983 account indicates that no return or payments were received from petitioner for the 1983 tax year.  The transcript did reflect assessments totaling $520, which were explained by respondent's witness as pertaining to a penalty for furnishing false information regarding a Form W-4.  See section 6682.

Petitioner contends that he timely mailed and filed the Federal return and that the statute of limitations bars assessment of the deficiency and additions to tax.  To support this claim, petitioner presented a copy of an application for automatic extension to file the California return and a copy of the California return, both of which indicate that they were signed sometime in 1984.  However, attached to the California return was a copy of a form from the California Franchise Tax Board, which indicates that the California return was not filed until March 29, 1991.  Petitioner and Mrs. Roberts testified that Mr. Henschel mailed the Federal return, although they did not personally see him do so.  Based on this testimony, petitioner contends that he mailed the Federal return, and, therefore, since he mailed the Federal return to the IRS, he filed the Federal return.  See Hotel Equities Corp. v. Commissioner, 546 F.2d 725 (7th Cir. 1976) affg. 65 T.C. 528 (1975).

However, petitioner failed to present any documentary evidence, such as a copy of the return or mailing receipt, which would substantiate his claim that he mailed either the Federal return or an application for extension to file the Federal return.  If petitioner is contending that the 1983 Federal return was mailed at the same time as the California return, it would not have been mailed until 1991.  Moreover, given the conceded items of income and the claimed deductions and exemptions based on the California return, it is likely that a tax would have been due and owing, inasmuch as petitioner had eliminated any withholding of taxes from his wages.  However, petitioner received no bills from respondent and made no payments to respondent.  Accordingly, we find that petitioner did not file a Federal return for 1983.  Thus, it follows that the period of limitations does not bar assessment of the deficiency and additions to tax for that year.  Sec. 6501(c)(3).

Burden of Proof

Petitioner argues that the notice of deficiency should not be accorded the normal presumption of correctness.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Specifically, petitioner argues that the notice of deficiency is arbitrary and unreasonable because he mailed the Federal return, he was married during 1983, and the notice of deficiency attributed all of the

community income to him. In addition, petitioner contends that the proof of claim filed by the IRS in the bankruptcy proceeding indicates the 1983 Federal income tax owed was $900, that the IRS has a history and reputation for making mistakes in processing returns, and that respondent did not offer the necessary foundational information into evidence to support the notice of deficiency.

It is well established that, in the absence of exceptional circumstances, the Court will not look behind a deficiency notice to determine whether the Commissioner's agents followed proper administrative procedures. Human Engg. Inst. v. Commissioner, 61 T.C. 61, 66 (1973); see also Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Even in such exceptional circumstances, the Court will generally not hold the deficiency notice null and void to relieve the taxpayer of any tax liability. Greenberg's Express, Inc. v. Commissioner, supra at 328.

With respect to petitioner's argument that the notice of deficiency is arbitrary and unreasonable because it is erroneous, we disagree. Petitioner's testimony, standing alone, that he signed the Federal return and gave it to Mr. Henschel to mail does not establish that the Federal return was actually mailed. Moreover, the fact that respondent allocated all of the community

income to petitioner, even though he was married in 1983, does not make the deficiency notice arbitrary or unreasonable. By virtue of petitioner's failure to file the Federal return, respondent issued a deficiency notice without information as to petitioner's 1983 marital status.

Petitioner appears to suggest that the proof of claim that was filed in the bankruptcy court somehow limits the amount of tax owed by petitioner, and, therefore, the deficiency notice is arbitrary and unreasonable. However, our review of the proof of claim indicates that as of December 17, 1984, petitioner owed a penalty of $520, interest of $153.49, and that no income tax had been assessed. The proof of claim is irrelevant to this proceeding.

Further, petitioner's argument that the alleged IRS reputation for mistakes is a basis for determining that the notice of deficiency is arbitrary and unreasonable is without merit.

Turning to petitioner's argument regarding the foundational proof required of respondent, the U.S. Court of Appeals for the Ninth Circuit, the court to which an appeal in this case would lie, requires that respondent come forward with some substantive evidence establishing a minimal evidentiary foundation for her determination that the taxpayer received unreported income before

she may rely on the presumption that her determination is correct. Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985), affg. an order of this Court; Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982), affg. per curiam an order of this Court; Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), revg. 67 T.C. 672 (1977). The facts in this case support the deficiency notice. Indeed, petitioner does not dispute that he received wage income, interest income, and rental income during 1983, and respondent's records indicate that petitioner did not file the Federal return. Thus, the minimal evidentiary foundation for respondent's determination has been conceded.[8]

Unreported Income

In the deficiency notice, respondent determined that petitioner received wages of $29,029 in 1983. At trial, petitioner testified that he was an engineer for the County of Los Angeles, that he received wages from the County of Los Angeles of $29,029, and that he received an undetermined amount of rental income in 1983. In addition, petitioner conceded that he received interest income of $3,305. In view of the record in

---

[8] In this regard, petitioner's request on brief for reasonable litigation costs will be denied as premature, and because petitioner has not substantially prevailed. See Rules 231 and 232.

this case and respondent's concession, we hold that petitioner had income of one-half of the wages and interest or $16,167.[9]

Filing Status

In the notice of deficiency, respondent determined that petitioner's filing status was single. Petitioner contends on brief that he is entitled to joint filing status for 1983.

Section 1(a) provides that the filing status "married filing joint" applies only to "every married individual * * * who makes a single return jointly with his spouse under section 6013". From this language, it is clear that a return must be filed in order to be entitled to joint status. Thompson v. Commissioner, 78 T.C. 558, 561 (1982); see Girard v. Commissioner, T.C. Memo. 1994-556. If no return is filed as of the date the case is submitted for decision, joint filing status ordinarily cannot be claimed because no return would be in the record. Phillips v. Commissioner, 86 T.C. 433, 441 n.7 (1986), affd. in part and revd. in part on other issues 851 F.2d 1492 (D.C. Cir. 1988); see sec. 6013(a).

We have previously found that petitioner did not file a return for taxable year 1983. In addition, since petitioner was

---

[9] Because the record contains no information regarding the unreported rental income, we make no determination with respect to such income.

married at the end of 1983, and has not alleged or shown that he was living apart from his wife during that year, he does not qualify as the head of household for income tax purposes. Therefore, the only filing status applicable to petitioner is that of a married individual filing a separate return. Secs. 1(d), 2(b), 6013(a).

Dependency Exemption Deduction

Respondent determined that petitioner was entitled to one exemption amount for himself during 1983. However, petitioner contends that he is also entitled to an additional exemption for his daughter, Nicole. Respondent conceded at trial that Nicole resided with petitioner during 1983.

Section 151(e) provides that a taxpayer is entitled to an additional exemption for each dependent who (1) has gross income less than the exemption amount or (2) is a child of the taxpayer who is (a) either under 19 years of age or (b) a student. Section 152(a) provides that a dependent includes a child of the taxpayer who receives over half of his or her support from the taxpayer. During 1983, Nicole was 13 years of age, resided with petitioner and Mrs. Roberts, and was unemployed. However, petitioner failed to prove that he provided over one half of Nicole's support during the year at issue. Because California is a community property State, one half of the income earned by

petitioner is property of Mrs. Roberts.  Thus to the extent that these funds were used to support Nicole, at best each spouse contributed exactly one half of Nicole's support and not <u>over</u> one half, as required by statute.  <u>Jorg v. Commissioner</u>, 52 T.C. 288 (1969); <u>Ketcham v. Commissioner</u>, T.C. Memo. 1982-637. Accordingly, petitioner is not entitled to an exemption deduction for Nicole.

<u>Schedule A Itemized Deductions</u>

In the notice of deficiency, respondent determined that petitioner was entitled to the zero bracket amount.  Petitioner contends that he is entitled to Schedule A itemized deductions. Specifically, petitioner contends that he is entitled to the following itemized deductions that he claimed on the California return:

| Expense | Amount |
| --- | --- |
| Medical/dental | $150 |
| Real estate tax | 850 |
| General sales tax | 1,300 |
| Auto license | 138 |
| Home mortgage interest | 5,640 |
| Lot interest | 1,590 |
| Charitable contributions | 2,900 |
| Union dues | 252 |
| Lawyer/accountant fees | 300 |
| Small engine tools | 179 |

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed.  <u>New Colonial Ice Co. v. Helvering</u>, 292

U.S. 435, 440 (1934).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses.  As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner testified that the Federal return mirrored the California return.  In addition, petitioner and Mrs. Roberts testified that the amounts claimed on the California return were correct.  Except as noted below, petitioner introduced no evidence such as bills, invoices, receipts, canceled checks, or other evidence to substantiate the amounts claimed on the

California return or support his assertion that the California return was correct when filed.  The absence of documentary evidence was not explained by petitioner.  The fact that the California return was signed under penalty of perjury is not sufficient to substantiate the deductions claimed on it.  See Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974).  Thus, petitioner has failed to substantiate the claimed deductions and, therefore, is not entitled to the claimed itemized deductions.

The record does contain a copy of a real estate tax bill for the Inglewood property for the fiscal year ending June 30, 1980.  That document reflects a property tax assessment of $235.52.  Moreover, in 1983, taxpayers were entitled to a deduction for general sales tax, which, in the absence of substantiation of actual expenditure, could be claimed based on tables promulgated by respondent based upon reported income.  Also in 1983, itemized deductions necessarily had to exceed the zero bracket amount in order to be beneficial taxwise.  The zero bracket amount for 1983 for a married taxpayer filing single was $1,700.  The allowance of any amount based on the 1980 real estate tax assessment for the Inglewood property and an allowance for sales taxes would not come anywhere near $1,700.  Accordingly, we deny petitioner's

claim that he is entitled to Schedule A itemized deductions.

## Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. It is petitioner's burden to show that he filed his return timely or that reasonable cause existed for his failure to timely file his return. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Haden v. Commissioner, T.C. Memo. 1986-539; Carlin v. Commissioner, T.C. Memo. 1981-694. To prove "reasonable cause", a taxpayer must show that he or she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989). To disprove "willful neglect", a taxpayer must show that the late filing did not result from a "conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).

We have previously determined that petitioner failed to timely file the Federal return. Petitioner failed to present any evidence that his failure to file was due to reasonable cause and not willful neglect. Accordingly, we sustain respondent on this issue.

## Section 6653(a)

Section 6653(a) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules or regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 937 (1985). Respondent's determination that petitioner was negligent is presumed correct, and petitioner bears the burden of proving that he was not negligent. Rule 142(a).

Petitioner contends that he was not negligent because he acknowledged receiving more gross income (i.e., the interest income) than determined in the deficiency notice.[10] However, petitioner presented no books and records, receipts, bills, canceled checks, or other documentation to support the claimed deductions. Moreover, we have previously concluded that petitioner did not timely file the Federal return. See Emmons v.

---

[10] In his brief, petitioner argued that he was not liable for the sec. 6662(a) penalty. However, sec. 6662(a) was not in effect in 1983 and is not at issue in this case. Respondent determined that sec. 6653(a) was applicable.

Commissioner, 92 T.C. 342, 350 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Accordingly, we sustain respondent's determination.

Section 6654(a)

Section 6654 imposes an addition to tax for failure to pay estimated tax. This addition to tax is mandatory unless a taxpayer is able to qualify under the specific exceptions set forth in section 6654(d). Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Reasonable cause and lack of willful neglect are not defenses to this addition to tax. Petitioner had no income taxes withheld from his wages and made no estimated tax payments during 1983. Moreover, petitioner presented no evidence that he falls within any of the enumerated exceptions under section 6654(d). Accordingly, we sustain respondent's determination.

Section 6661(a)

Section 6661(a) provides a 10-percent addition to tax if there is a substantial understatement of income tax. An understatement is "substantial" if it exceeds the greater of 10 percent of the tax required to be shown for the taxable year or $5,000. In view of respondent's concession that petitioner is taxable on one-half of the income, the amount of the deficiency herein will not exceed $5,000. Accordingly, we do not sustain respondent's determination on this issue.

To give effect to the foregoing,

<u>Decision will be entered under Rule 155</u>.