T.C. Memo. 2012-144

UNITED STATES TAX COURT

CHARLES VERNON ROBERTS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 971-10.                                    Filed May 21, 2012.

Stanley Arouty, for petitioner.

Kimberly A. Santos, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issues for decision are whether petitioner may exclude

from gross income certain retirement payments relating to 2007 and whether

petitioner is liable for a section 6662(a)[1] accuracy-related penalty.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are to the Tax Court
(continued...)

FINDINGS OF FACT

On May 6, 1996, the U.S. Bankruptcy Court for the Central District of California ordered the release of petitioner's dischargeable debts relating to 1983. On July 30, 1996, in a Memorandum Opinion, we sustained respondent's proposed deficiency relating to 1983, which respondent later assessed on November 17, 1997. Roberts v. Commissioner, T.C. Memo. 1996-346.

In 2006 petitioner retired from his career as an engineer and received taxable pension income. With the assistance of a professional tax adviser, petitioner reported the pension income on his Federal income tax return relating to 2006 (2006 return).

In 2007 petitioner received pension income and Social Security payments (collectively, retirement income) and was sent quarterly pension benefit statements, which indicated amounts withheld. In 2008 petitioner hired a different professional tax adviser, Bradley E. Henschel, to prepare his Federal income tax return relating to 2007 (original 2007 return) and informed Mr. Henschel that he had not yet received Forms 1099 relating to his retirement income. Uncertain of how much of his retirement income was taxable, petitioner provided Mr. Henschel with the

[1](...continued)
Rules of Practice and Procedure.

quarterly pension benefit statements. Mr. Henschel determined that none of petitioner's retirement income was taxable.

On April 15, 2008, petitioner timely filed his original 2007 return, on which he reported zero taxable income, withheld taxes of $6,000 relating to his pension, and a $6,000 overpayment. At the time petitioner filed his original 2007 return, he had not yet received Forms 1099 relating to his retirement income. Respondent processed the original 2007 return, allowed the $6,000 overpayment, and applied this amount to petitioner's outstanding tax liability relating to 1983.[2] Respondent subsequently began an audit of petitioner's original 2007 return. In response to respondent's audit petitioner prepared an amended Federal income tax return relating to 2007 (amended 2007 return) on which he reported as taxable $52,681 of pension income and $5,847 of Social Security benefits. Respondent received the amended 2007 return on June 26, 2009, but did not process it.

On October 19, 2009, respondent sent petitioner a statutory notice of deficiency relating to the original 2007 return. In the notice, respondent determined that petitioner's retirement income was taxable and that he was liable for an accuracy-related penalty. Respondent also determined that petitioner was required

---

[2]Respondent also determined that petitioner was entitled to a $300 economic stimulus credit, which respondent applied to his tax liability relating to 1983.

to report as taxable the same amount of retirement income (i.e., $52,681 of pension income and $5,847 of Social Security benefits) that he reported on his amended 2007 return.  On January 12, 2010, petitioner, while residing in Inglewood, California, filed his petition with the Court.

## OPINION

Petitioner concedes that $52,681 of pension income and $5,847 of Social Security benefits are taxable.  He does, however, advance other contentions as to why we should not sustain respondent's deficiency determination.

Petitioner contends that it was improper for respondent to apply the overpayment claimed on his original 2007 return to a prior year tax liability.[3]  The Tax Court is a Court of limited jurisdiction, and we may exercise jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Section 6402(a) provides that the Commissioner may apply an overpayment against any tax liability of the taxpayer.  Section 6512(b)(4) expressly restrains the Court from reviewing any application of an overpayment made pursuant to section

---

[3]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue that would shift the burden to respondent.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

6402.  Thus, as we have previously held, we do not have jurisdiction to review an application of an overpayment to a prior year.  <u>Savage v. Commissioner</u>, 112 T.C. 46 (1999).  In addition, after the application of an overpayment, the Commissioner is not precluded, as petitioner contends, from determining a deficiency relating to the year for which the overpayment was originally claimed.  <u>Id.</u> at 48-49; <u>Terry v. Commissioner</u>, 91 T.C. 85, 87 (1988).

Petitioner further contends that respondent was required to treat his amended 2007 return as superseding the original 2007 return.  We disagree.  Taxpayers are permitted to submit amended returns, but the Commissioner is "not statutorily required to * * * [accept an amended return], or to treat an amended return as superseding an original return."  <u>Fayeghi v. Commissioner</u>, 211 F.3d 504, 507 (9th Cir. 2000), <u>aff'g</u> T.C. Memo. 1998-297.

Respondent contends that petitioner is liable for a section 6662(a) accuracy-related penalty relating to 2007.[4]  Section 6662(a) and (b)(1) imposes a 20% penalty on the amount of any underpayment attributable to various factors including negligence or disregard of rules or regulations.  Section 6664(c)(1), however, provides that no penalty shall be imposed if a taxpayer demonstrates that

---

[4]Respondent bears, and has met, the burden of production relating to this penalty.  <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

there was reasonable cause for the underpayment and that the taxpayer acted in good faith. Reliance on professional tax advice qualifies as reasonable cause and good faith if the reliance was reasonable and the taxpayer acted in good faith. See sec. 1.6664-4(b)(1), Income Tax Regs. Despite respondent's contentions to the contrary, we conclude that petitioner made reasonable efforts to assess his proper tax liability and believed in good faith that his Federal income tax liability was accurately reported. Furthermore, petitioner reasonably and in good faith relied on Mr. Henschel to prepare the original 2007 return. See id. Accordingly, petitioner had reasonable cause for the underpayment and is not liable for the penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.