T.C. Summary Opinion 2019-35

UNITED STATES TAX COURT

DEBORAH LOUISE BIEGALSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4671-18S.                    Filed December 3, 2019.

Deborah Louise Biegalski, pro se.

Francesca Chou, Frederick C. Mutter, and Lyle B. Press, for respondent.

SUMMARY OPINION

COLVIN, Judge:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Section references are to the Internal Revenue Code in effect at all relevant
times.  Rule references are to the Tax Court Rules of Practice and Procedure.  We
(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner had deficiencies and is liable for penalties in Federal income tax for taxable years 2014 and 2015 as follows:

| Year | Deficiency | Penalty sec. 6662 |
|------|-----------|-------------------|
| 2014 | $9,815 | $1,745 |
| 2015 | 16,491 | 2,650 |

After concessions, the issues for decision are:

1. Whether, as petitioner contends, we lack jurisdiction because the notice of deficiency is invalid. We hold that the notice of deficiency is valid and that we have jurisdiction.

2. Whether petitioner may deduct expenses of commuting to work at First Tek, Inc. (First Tek), after she signed contracts and work orders ensuring that she would work at First Tek for longer than one year. We hold that she cannot.

3. Whether petitioner may, as she contends, deduct 80% of the costs of her cell phone. We hold that petitioner may, as respondent contends, deduct only 50% of those costs.

_____

[1](...continued)
round all monetary amounts to the nearest dollar.

4.  Whether petitioner is liable for accuracy-related penalties under section 6662(a) for the years at issue.  We hold that she is.

Background

Some of the facts have been stipulated and are so found.  Petitioner resided in New Jersey when she filed her petition.

A.    Petitioner's Work as an Independent Contractor

On September 17, 2013, petitioner signed an "Independent Contractor Service Agreement" (contract) with First Tek, an information technology services provider in Piscataway, New Jersey.  The contract stated that petitioner would "provide temporary staff augmentation services * * * for the period(s) as set forth in each attachment hereto (Work Orders)."  Petitioner signed a work order (first work order) with First Tek on September 20, 2013.  The parties agree that under the first work order petitioner provided services from October 14, 2013, to October 10, 2014.  On a date not specified in the record petitioner and First Tek executed another work order (second work order), which covered the period from October 11, 2014, to October 10, 2015.  On May 15, 2015, petitioner left First Tek and began working as an employee at a large financial firm, where she continued to work at the time of trial.  Petitioner used her personal cell phone for work-related calls and emails at First Tek and at her subsequent place of employment.

B.     Preparation and Audit of Petitioner's 2014 and 2015 Tax Returns

Petitioner's Forms 1040, U.S. Individual Income Tax Return, for 2014 and 2015 were due on April 15, 2015, and April 15, 2016, respectively.  When petitioner was preparing her tax return for 2014, she retrieved receipts she had placed in storage and found that many of them had become moldy, hampering her efforts to prepare that return.  Petitioner filed her Forms 1040 for tax years 2014 and 2015 on October 15, 2015, and January 30, 2016, respectively.  Petitioner reported that her total tax liabilities were $5,215 and $1,395 for 2014 and 2015, respectively.

On December 13, 2016, petitioner met with an Internal Revenue Service (IRS) tax compliance officer as part of an examination of her 2014 and 2015 tax returns.  At that meeting petitioner gave the compliance officer amended tax returns for 2014 and 2015.  Respondent did not process or file her amended returns.  Respondent's determinations in the notice were based on petitioner's filed returns, not her amended returns.  On December 14, 2016, the immediate supervisor of the compliance officer signed and sent petitioner a Letter 915 (30-day letter) that included Form 4549, Income Tax Examination Changes, which recommended accuracy-related penalties under section 6662(a) for 2014 and 2015 as part of the total amounts due.  The compliance officer made the initial

determination of the penalties that were reflected in the 30-day letter signed by the supervisor.

## Discussion

A.    Burden of Proof

The Commissioner's determination in a notice of deficiency is generally presumed to be correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof with respect to a factual issue relevant to a taxpayer's liability for income tax may shift from the taxpayer to the Commissioner if the taxpayer has complied with substantiation requirements, maintained all records required by the Internal Revenue Code, and cooperated with reasonable requests by the Secretary for information, documents, and meetings. Sec. 7491(a)(2).  In addition, for the burden to shift, the taxpayer must introduce credible evidence with respect to the issue.  See sec. 7491(a)(1).  A taxpayer bears the burden of proving that he or she has met the requirements of section 7491(a).  See H.R. Conf. Rept. No. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. No. 105-174, at 45 (1998), 1998-3 C.B. 537, 581.  Petitioner does not contend that she met the requirements of section 7491(a) for shifting the

burden of proof. Thus, the burden of proof does not shift under section 7491(a).

See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

B.    Validity of the Notice of Deficiency

Petitioner contends that the notice of deficiency is invalid and therefore we

lack jurisdiction. First, she contends that respondent's use of her original returns,

and not her amended returns, to determine her deficiencies for 2014 and 2015 was

erroneous and invalidates the notice. We disagree. Petitioner first provided the

amended returns to the IRS after respondent began to audit her 2014 and 2015

returns. Thus, respondent was not required to base the determinations on the

amounts reported in the amended returns. See Roberts v. Commissioner, T.C.

Memo. 2012-144, 2012 WL 1842549, at *2, sec. 1.6664-2(c)(2) and (3), Income

Tax Regs. However, respondent may treat amounts reported on amended returns

as concessions by the taxpayer. See McClellan v. Commissioner, T.C. Memo.

2014-257, at *23.

Second, petitioner contends that the notice of deficiency does not describe

the basis for respondent's determination of her tax liabilities for her commuting

and cell phone expenses and thus is invalid because it does not comply with

section 7522. Section 7522(a) provides in pertinent part:

> Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice. An inadequate description under the preceding sentence shall not invalidate such notice.

Section 7522 makes clear that failure to include the basis for a determination would not invalidate the notice. However, if the basis for the determination was not described in the notice of deficiency and the new basis requires the presentation of different evidence, the burden of proof shifts to the Commissioner to prove why the deficiency in the notice should be sustained. Shea v. Commissioner, 112 T.C. 183, 197 (1999). The notice in this case provides a basis for every item determined by respondent relating to petitioner's 2014 and 2015 tax returns. For example, the notice states that petitioner "cannot deduct business travel expense[s] paid or incurred for away from home assignments that last for more than one year at a single location." Regarding petitioners' cell phone expenses, the notice states that because petitioner "did not establish that the business expense shown on * * * [her] tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to * * * [her] business, * * * [respondent] disallowed the amount shown." Thus, the burden does not shift to respondent.

Third, petitioner contends that respondent violated her right to privacy by sending a copy of the notice to her former representative under a power of attorney who, she claims, had withdrawn, and thus the notice of deficiency is invalid. A witness for respondent testified that the IRS has no record that her representative had withdrawn. Petitioner testified that she had an email from her representative which stated he had withdrawn. However, she did not offer the email into evidence. On this record petitioner has not shown that respondent erred in sending a copy of the notice to her representative. We hold that the notice is valid and that we have jurisdiction.

C.     Petitioner's Commuting Expenses

Petitioner contends she can deduct her commuting expenses for 2014 and 2015 because her work at First Tek was for two different periods each lasting less than one year and because the work she performed in the first period was unrelated to her work in the separate period. Respondent determined that petitioner may not deduct her commuting expenses after September 30, 2014, on the grounds that she did not reasonably expect the length of her services to exceed one year until October 1, 2014.

Section 162(a) generally permits the deduction of ordinary and necessary business expenses. However, a taxpayer's commuting expenses (expenses of

traveling regularly between the taxpayer's home and workplace) generally are not deductible under section 162(a).  Fausner v. Commissioner, 413 U.S. 838 (1973).  However, Rev. Rul. 99-7, 1999-1 C.B. 361, 361, states that taxpayers may deduct daily commuting expenses if they are commuting between their "residence and a temporary work location outside the metropolitan area where the taxpayer[s] live[] and normally work[]."  That revenue ruling states:

> If employment at a work location initially is realistically expected to last for 1 year or less, but at some later date the employment is realistically expected to exceed 1 year, that employment will be treated as temporary (in the absence of facts and circumstances indicating otherwise) until the date that the taxpayer's realistic expectation changes, and will be treated as not temporary after that date.  [Id. at 362.]

The first work order applied to the period from October 14, 2013, to October 10, 2014.  When the parties signed the second work order, extending petitioner's period of service beyond one year to October 10, 2015, she reasonably expected to work at First Tek for more than one year.  While the record does not show the specific date that the parties signed the second work order, respondent's position is consistent with the reasonable assumption that the second work order was signed around September 30, 2014.

Petitioner contends that she would never expect her service as an independent contractor to last more than one year, but the two work orders show

otherwise. She also contends that the periods under the two work orders should not be aggregated because the work performed under the second work order was unrelated to the work performed under the first work order. We disagree; the total period of service controls even if the duties change during the period of service. Norwood v. Commissioner, 66 T.C. 467, 470 (1976).

Respondent concedes that petitioner can deduct her commuting expenses from January 1 to September 30, 2014. Respondent contends, and we hold, that she may not deduct her expenses for commuting after that date.

D.     Cell Phone Expenses

Petitioner contends she may deduct 80% of her cell phone costs for 2014 as ordinary and necessary business expenses under section 162(a). Respondent determined and contends that petitioner may deduct 50% of those expenses. We agree with respondent.

Petitioner offered no evidence showing that more than 50% of her cell phone use was work related. On this record we sustain respondent's determination that petitioner may deduct only 50% of her cell phone expenses. See Windham v. Commissioner, T.C. Memo. 2017-68, at *23-*24.

E.    Accuracy-Related Penalty

Respondent determined that petitioner had an underpayment for each tax year attributable to a substantial understatement of income tax and therefore that she is liable for accuracy-related penalties of $1,745 and $2,650 for 2014 and 2015, respectively.  Sec. 6662(a), (b)(2).  Petitioner contends she had reasonable cause and acted in good faith as established under section 6664(c)(1) and section 1.6664-4(b)(1), Income Tax Regs.

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the portion of an underpayment of tax attributable to a substantial understatement of income tax.  An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

The Commissioner bears the burden of production for accuracy-related penalties determined under section 6662(a).  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  As part of the Commissioner's burden of production for section 6662(a) penalties, section 6751(b)(1) provides that the Commissioner must show that there was written supervisory approval of the initial penalty determination.  See sec. 7491(c); Clay v. Commissioner, 152 T.C. __, __ (slip op. at 43-44) (Apr. 24, 2019); Graev v. Commissioner, 149 T.C.

485, 493 n.14 (2017) (citing <u>Chai v. Commissioner</u>, 851 F.3d 190, 221 (2d Cir. 2017), <u>aff'g in part, rev'g in part</u> T.C. Memo. 2015-42), <u>supplementing and overruling in part</u> 147 T.C. 460 (2016).

Petitioner contends that on the basis of her amended returns her understatements do not exceed 10% of the tax owed and are less than $5,000.  As explained above, respondent is under no obligation to (and did not) determine her deficiencies on the basis of the amounts shown in the amended returns.  The understatement of tax petitioner owed for 2014 ($9,815) is greater than $5,000, which is greater than 10% of the $15,030 respondent determined she owed.  The understatement of tax petitioner owed for 2015 ($16,491) is greater than $5,000, which is greater than 10% of the $17,886 respondent determined she owed.  Therefore, petitioner's reported tax liabilities on her original returns constitute substantial understatements.

Respondent's burden under section 6751(b)(1) was met in that the tax compliance officer's immediate supervisor signed the 30-day letter sent to petitioner on December 14, 2016, that included accuracy-related penalties under section 6662(a).

A taxpayer is not liable for a penalty under section 6662 if the taxpayer had reasonable cause for the underpayment and acted in good faith.  <u>See</u> sec.

6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. When taking into account all facts and circumstances, including the taxpayer's experience, education, and sophistication, an honest misunderstanding of fact or law may indicate reasonable cause and good faith. Higbee v. Commissioner, 116 T.C. at 449 (citing Remy v. Commissioner, T.C. Memo. 1997-72); see sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to properly assess his or her tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. In addition, reliance on professional advice may indicate reasonable cause and good faith if such reliance was reasonable and the taxpayer acted in good faith. Id.

Petitioner does not claim that she sought professional advice for her 2014 or 2015 tax return or describe what steps she took to learn whether she was entitled to deduct her commuting expenses or 80% of her cell phone expenses. She prepared and submitted amended tax returns but did so belatedly during the audit which led to this case. We hold that she has not shown that she made a good faith effort to accurately report her 2014 and 2015 tax on her filed returns, and thus she is liable for the penalties under section 6662(a) for those years.

To reflect the foregoing,

Decision will be entered under

Rule 155.
