T.C. Memo. 2009-55

UNITED STATES TAX COURT

STEPHEN G. AND SUZANNE Q. CHANEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4532-07.                    Filed March 12, 2009.

<u>Kathryn Barnhill</u>, for petitioners.

<u>Catherine S. Tyson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $19,108 deficiency
in and a $3,821.60 section 6662(a)[1] penalty on petitioners' 2003
Federal income tax.

_____

[1] All section references are to the Internal Revenue Code
in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

Respondent concedes that petitioners conducted an active trade or business as distributors of Shaklee products. Respondent concedes that petitioners substantiated $1,245 of the $1,526 of charitable contribution deductions claimed on their return.

Petitioners concede the disallowance of $281 of charitable contribution deductions (i.e., they only claim they substantiated only $1,245 of the $1,526 of charitable contribution deductions). Accordingly, this issue is resolved. Petitioners concede the disallowance of their reported advertising expenses. Accordingly, this issue is resolved. Petitioners concede receiving income of $288 from Prudential Insurance Company of America for 2003 and $600 from the National Institutes of Health for 2003. These amounts were omitted from their 2003 Federal income tax return. Accordingly, these issues are resolved.

At trial and on brief respondent failed to address the $500 deduction for the preparation of income taxes. Accordingly, we find that respondent abandoned (waived) this issue. See Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989); Levert v. Commissioner, T.C. Memo. 1989-333, affd. without published opinion 956 F.2d 264 (5th Cir. 1992).

The following issues remain to be decided:

1. Rental Expenses

No concessions have been made. Accordingly, the entire amount of rental expenses claimed remains at issue.

2. Utilities Expenses

Petitioners concede they did not substantiate $57 of the $706 claimed on their return as utilities expenses. Accordingly, $649 of utilities expenses remain at issue.

3. Repairs and Maintenance Expenses

Petitioners concede they did not substantiate $393 of the $4,234 claimed on their return as repairs and maintenance expenses. Accordingly, $3,841 of repairs and maintenance expenses remain at issue.

4. Depreciation

Respondent allowed $3,540 in depreciation. Petitioners concede they did not substantiate $637 of the $13,381 claimed on their return as depreciation. Accordingly, $9,204 of depreciation remains at issue.

5. Meetings and Convention Expenses

Respondent allowed $918 for meetings and convention expenses. At trial petitioners conceded they did not substantiate $1,183 of the $6,959 claimed on their return as meetings and convention expenses--i.e., only $4,858 remained at issue. On brief petitioners concede they did not substantiate

$2,101 of the $6,959 claimed on their return as meetings and convention expenses. Accordingly, $3,940 of meetings and convention expenses remains at issue.

### 6. Cost of Goods Sold (COGS)

Petitioners concede they did not substantiate $4,943 of the $70,018 claimed on their return as COGS and claim the correct COGS was $65,075. Respondent concedes that petitioners' COGS totaled at least $58,045. Accordingly, $7,030 of COGS remains at issue.

### 7. Meals and Entertainment Expenses

Petitioners concede they did not substantiate $961 of the $2,280 claimed on their return as meals and entertainment expenses. Accordingly, $1,319 of meals and entertainment expenses remains at issue.

### 8. Car and Truck Expenses

Respondent allowed $2,023 as car and truck expenses. Petitioners concede they did not substantiate $815 of the $6,922 claimed on their return as car and truck expenses. Accordingly, $4,048 of car and truck expenses remains at issue.

### 9. Travel Expenses

Respondent allowed $594 as travel expenses. At trial, petitioners conceded they did not substantiate $1,228 of the $7,009 claimed on their return as travel expenses--i.e., only $5,187 remained at issue. On brief petitioners concede they did

not substantiate $1,822 of the $7,009 claimed on their return as travel expenses.  Accordingly, $4,593 of travel expenses remains at issue.

10.  Mortgage Interest Expense

No concessions have been made.  Accordingly, the entire amount claimed as mortgage interest expense remains at issue.[2]

11.  Residential Property Tax Expense

No concessions have been made.  Accordingly, the entire amount claimed as residential property tax expense remains at issue.[3]

12.  Office Depreciation

No concessions have been made.  Accordingly, the entire amount claimed as office depreciation expense remains at issue.

13.  Royalty Income Expenses

No concessions have been made.  Accordingly, the entire amount claimed as royalty income expenses remains at issue.

14.  Section 6662(a) Penalty

Petitioners' liability for the penalty remains at issue.

---

[2]  If not deductible as a rental expense, this amount normally would be allowable as itemized deductions on Schedule A, Itemized Deductions.

[3]  If not deductible as a rental expense, this amount normally would be allowable as itemized deductions on Schedule A.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in North Carolina.

Petitioners are the only partners of Becker & Chaney Associates (BCA).[4] During 2003 BCA sold, and trained others to sell, nutritional and cleaning products from Shaklee Corporation (Shaklee).

On its 2003 Form 1065, U.S. Return of Partnership Income, BCA deducted (as detailed above) rental expenses, utilities expenses, repairs and maintenance expenses, depreciation, meetings and convention expenses, COGS, meals and entertainment expenses, car and truck expenses, travel expenses, mortgage interest expense, residential property tax expense, and office depreciation.[5] On their individual income tax return for 2003 petitioners also deducted royalty income expenses. As detailed above, respondent disallowed varying amounts of the aforementioned deductions.

---

[4] BCA is not subject to the TEFRA partnership audit rules. Sec. 6231(a)(1)(B) (the partnership BCA had 10 or fewer partners and all partners were natural persons who were U.S. citizens).

[5] The partnership claimed all of these expenses on its Form 1065. These deductions flowed through to petitioners, who claimed the deductions on their joint return as their distributive shares of the partnership's items of income and expense.

OPINION

Deficiency

Generally, deductions are a matter of legislative grace, and taxpayers have the burden of showing that they are entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

This is a substantiation case. Our resolution of this dispute turns on the applicable law and our determination of the credibility of the evidence presented. We determine the credibility of each witness, weigh each piece of evidence, draw appropriate inferences, and choose between conflicting inferences. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 84 (2000), affd. 299 F.3d 221 (3d Cir. 2002); see also Gallick v. Balt. & Ohio R.R. Co., 372 U.S. 108, 114-115 (1963); Boehm v. Commissioner, 326 U.S. 287, 293 (1945); Wilmington Trust Co. v. Helvering, 316 U.S. 164, 167-168 (1942). We decide whether evidence is credible on the basis of objective facts, the reasonableness of the testimony, and the demeanor of the witness. Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Pinder v. United States, 330 F.2d 119, 124-125 (5th Cir. 1964); Concord Consumers Hous. Coop. v. Commissioner, 89 T.C. 105, 124 n.21 (1987).

If the taxpayer fails to substantiate an item, the burden of proof does not shift to the Commissioner. Sec. 7491(a)(2)(A); Gagliardi v. Commissioner, T.C. Memo. 2008-10. If the taxpayer substantiates the deductions claimed, this satisfies the taxpayer's burden of proof under Rule 142. Gagliardi v. Commissioner, supra.

We begin our analysis by noting that Mr. Chaney's testimony was consistent and forthright. His testimony was not one sided: he admitted to facts that were not in petitioners' interest. For example, Mr. Chaney noted that the original business records for BCA contained some minor errors that needed to be corrected before submission to the return preparer, that Mrs. Chaney occasionally puts items in the wrong categories of the business records, that petitioners did not have receipts for the alleged rent payments or a written lease agreement with BCA for renting the office space, that petitioners deducted care for their dogs as business (travel and meetings) expenses, and that petitioners confined one of their dogs in the office space because the dog sheds and Mrs. Chaney prefers that the dog not be in the other part of the house, and petitioners' two other dogs sleep in the office space. Accordingly, having had the opportunity to observe Mr. Chaney and evaluate his candor, we rely on his testimony to resolve the amounts that remain at issue.

Taxpayers are allowed a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Sec. 162(a). Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). Generally, for an expenditure to be an ordinary and necessary business expense the taxpayer must show a bona fide business purpose for the expenditure; there must be a proximate relationship between the expenditure and the business of the taxpayer. Challenge Manufacturing Co. v. Commissioner, 37 T.C. 650 (1962); Henry v. Commissioner, 36 T.C. 879 (1961).

To be "necessary" within the meaning of section 162, an expense need be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). The requirement that an expense be "ordinary" connotes that "the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940) (citing Welch v. Helvering, supra at 114).

In addition to satisfying the criteria for deductibility under section 162, certain categories of expenses must also satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed. The expenses to which section 274(d) applies include, among other things, listed property (e.g., automobile expenses and cellular telephones) and

travel expenses (including meals and lodging while away from home).  Secs. 274(d)(4), 280F(d)(4)(A)(i), (ii), (v).  We may not use the Cohan doctrine to estimate expenses covered by section 274(d).  See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show the following:  (1) The amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Section 280A(a) generally does not allow a deduction with respect to the use of a residence by a taxpayer who is an individual or an S corporation.  A pass-through entity such as a partnership is considered to have made personal use of a dwelling unit on any day which a partner would be considered to have made personal use of the dwelling.  Holmes v. United States, 85 F.3d 956 (2d Cir. 1996), on remand 79 AFTR 2d 97-1292, 9701 USTC par. 50,265 (W.D.N.Y. 1997); sec. 1.280A-1(e)(5)(ii), Proposed Income Tax Regs., 48 Fed. Reg. 33323 (July 21, 1983).

Ultimately, the Court believes Mr. Chaney's testimony and accepts petitioners' documentation, which satisfied applicable

law.  We hold that petitioners are entitled to deduct the amounts that remained at issue for depreciation (other than depreciation for the portion of the dwelling unit used for Shaklee business), meetings and convention expenses, COGS, meals and entertainment expenses, car and truck expenses, travel expenses, and royalty income expenses.  However, petitioners are not entitled to deduct the costs of dog care, clothes for a meeting, personal birthday gifts, and a wedding gift.  See sec. 262 (no deduction allowed for personal, living, or family expenses).

There is a lack of proof of a bona fide rental.  There was no written rental agreement.  The purported rental agreement has little reality beyond tax planning.  The purported rental was not at arm's length, and we disregard it for a lack of economic substance.[6]  Accordingly, pursuant to section 280A, petitioners are not entitled to deduct rental expenses, utilities expenses, repairs and maintenance expenses, mortgage interest expense, a residential property tax expense, and office depreciation.[7]

_____

[6]  Additionally, Mr. and Mrs. Chaney made personal use of the alleged rental space.  One of petitioners' dogs is confined all day to the Shaklee office space.  Mrs. Chaney prefers this dog "not be in the other part of the house" to prevent it from shedding in other parts of the house.  Two other dogs stay in the other parts of petitioners' house during the day, but the Shaklee office space is where the two other dogs sleep at night.

[7]  Pursuant to sec. 1402(a), "net earnings from self-employment" include gross income derived by an individual from any trade or business carried on by a partnership of which the individual is a member.  Disallowance of these expenses and

(continued...)

Section 6662(a) Penalty

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax and penalties. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner, however, does not have an obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447.

Respondent determined that petitioners are liable for the section 6662(a) penalty for 2003. Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax due to negligence or disregard of rules or regulations or a substantial understatement of income tax. An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial understatement" exists if the

---

[7](...continued)
concessions of other expenses by petitioners will result in increased income flowing from BCA to petitioners. Pursuant to sec. 1402(a), this income is self-employment income.

understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1)(A). Respondent has met his burden of production as he determined a substantial understatement of income tax in the notice of deficiency.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Among other things, petitioners failed to report income from Prudential Insurance Company of America and the National Institutes of Health for 2003. Additionally, they deducted the costs of dog care, clothes for a meeting, personal birthday gifts, and a wedding gift. These facts establish that petitioners did not act with reasonable cause and in good faith.

We note that petitioners' tax return preparer was not called as a witness. We infer that his testimony would not have been favorable to petitioners. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Accordingly, we sustain the section 6662(a) penalty.

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.