T.C. Memo. 2018-14

UNITED STATES TAX COURT

CHRISTOPHER C.L. NG MD, INC. APC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13696-16.                    Filed February 5, 2018.

Christopher Ng (an officer), for petitioner.

<u>Paulmikell A. Fabian</u> and <u>Sarah A. Herson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>: Respondent determined deficiencies in petitioner's

Federal income tax and accuracy-related penalties pursuant to section 6662(a) for

the 2012 and 2013 taxable years as follows:[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2]

| Year | Deficiency | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 2012 | $77,360 | $15,472 |
| 2013 | 71,166 | 14,233 |

These deficiencies and penalties arise as a result of respondent's denying various business expense deductions that petitioner claimed for those years. After concessions, the issue remaining for decision is whether petitioner is entitled to deduct expenses for purported rental of part of the home of petitioner's sole shareholder and employee for the 2012 and 2013 taxable years. We resolve this issue in favor of respondent.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner's principal place of business was in California.

---

[1](...continued)
Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some amounts are rounded to the nearest dollar.

[*3] I.      Dr. Christopher C.L. Ng and Petitioner

Petitioner is a corporation organized in the State of California on January 25, 2000.  Petitioner was incorporated by Dr. Christopher C.L. Ng, and during 2012 and 2013 he was petitioner's only shareholder and employee.  Dr. Ng is a physician, having practiced medicine since 1985.  During 2012 and 2013 Dr. Ng had a contract with the Emergency Department Physicians Medical Group, Inc., and was assigned to work at Good Samaritan Hospital in Los Angeles, California, as a "Physician Independent Contractor".

Petitioner's business address is that of Dr. Ng's personal residence.  The residence is a 2,464-square-foot two-story split-level house on Kelton Avenue in Los Angeles, California (Kelton residence), that Dr. Ng has owned since 1997.  The second story of the Kelton residence is used solely for petitioner's business.  It has a separate external entrance with alarm panel access, measures 968 square feet, and consists of a converted master bedroom, a den, a lavatory, and a furnace area.  Dr. Ng uses this space to perform administrative tasks for petitioner, such as to remotely access Good Samaritan Hospital's electronic medical records to complete physician notes on patients he has treated at the hospital, as well as to do continuing education training and medical board certification activities; he does not see, and never has seen, patients in any part of the Kelton residence.  The only

[*4] individuals besides Dr. Ng who use or have been in the space are his paid "assistant" (who accesses the space only via the external stairs) and malpractice defense attorneys who have had to meet with him from time to time.

For 2012 the mortgage payments for the Kelton residence were made to HSBC Bank (HSBC) out of petitioner's bank account over which Dr. Ng had sole signature authority; and HSBC issued to Dr. Ng a 2012 Form 1098, Mortgage Interest Statement, which reflected mortgage interest received from "[p]ayer(s)/ [b]orrower(s)" of $14,539. For 2013 the mortgage payments for the Kelton residence were paid to Mortgage Service Center (MSC) out of this same bank account; and MSC issued to Dr. Ng a 2013 Form 1098 which reflected mortgage interest received from "[p]ayer(s)/[b]orrower(s)" of $14,461.

II.     Petitioner's and Dr. Ng's 2012 and 2013 Federal Income Tax Returns

With advice from a tax return preparer he has engaged since 1987, Dr. Ng prepared and timely filed petitioner's Forms 1120, U.S. Corporation Income Tax Return, for 2012 and 2013. The 2012 Form 1120 reported gross receipts of $369,864 and total deductions of $345,473. As relevant here, among those deductions, petitioner claimed 100% of the mortgage payments it made to HSBC as "Rents" of $30,899. The 2013 Form 1120 reported gross receipts of $335,835 and total deductions of $332,819. As relevant here, among those deductions,

[*5] petitioner claimed 100% of the mortgage payments it made to MSC as "Rents" of $29,321.

On Schedules A, Itemized Deductions, which he attached to his Forms 1040, U.S. Individual Income Tax Return, for 2012 and 2013, Dr. Ng claimed home mortgage interest of $14,540 and $14,462, respectively. Also attached to the 2012 and 2013 Forms 1040 were Schedules E, Supplemental Income and Loss. These Schedules E reported rent received from and depreciation expenses for residential property Dr. Ng owned on Richland Avenue in Los Angeles, California, and rented out to his assistant. Nothing was reported on these Schedules E, and no other Schedules E were attached to the 2012 and 2013 Forms 1040 pertaining to the Kelton residence for "Rents" paid by petitioner to Dr. Ng as reported on petitioner's 2012 and 2013 Forms 1120.

III. Administrative and Tax Court Proceedings

Following an examination of petitioner's 2012 and 2013 Forms 1120, respondent issued a notice of deficiency to petitioner for 2012 and 2013, determining, inter alia, that the claimed deductions for rent should be "disallowed because they were mortgage payments made by the corporation for the

[*6] shareholder's personal residence."[2]  Petitioner timely petitioned this Court for redetermination of the deficiencies and the penalties.[3]

During May 2017, shortly before trial of this case, Dr. Ng had Forms 1040X, Amended U.S. Individual Income Tax Return, prepared for 2012 and 2013, and submitted them, unsigned, to respondent.  Dr. Ng's 2012 Form 1040X indicated the following changes:  (1) a $233 reduction in interest income; (2) on Schedule A, the addition of charitable gifts by cash or check of $10,456; and (3) on Schedule E, the addition of the Kelton residence, rent received of $16,737 for the Kelton residence, and expenses of $4,691 and $3,191 for taxes and depreciation, respectively, for the Kelton residence.  Dr. Ng's 2013 Form 1040X indicated the following changes:  (1) on Schedule A, the addition of charitable

---

[2]Respondent did not examine Dr. Ng's 2012 Form 1040 but did examine his 2013 Form 1040.  Following that examination respondent issued a notice of deficiency to Dr. Ng for 2013.  In response Dr. Ng filed a petition with this Court disputing respondent's determination of a deficiency in his Federal income tax of $8,602 and an accuracy-related penalty under sec. 6662(a) of $1,720.  On April 10, 2017, the Court entered a stipulated decision ordering that, pursuant to the agreement of the parties, there is no deficiency in income tax or sec. 6662(a) penalty due from Dr. Ng for 2013.

[3]Respondent also determined in the notice of deficiency issued to petitioner that sec. 6662(a) accuracy-related penalties should be imposed upon petitioner for 2012 and 2013.  The parties have stipulated and agreed that if there are substantial understatements of income tax for 2012 and 2013, then petitioner is liable for the accuracy-related penalties for those years.

**[\*7]** gifts by cash or check of $6,752 and (2) on Schedule E, the addition of the Kelton residence, rent received of $16,172 for the Kelton residence, and expenses of $1,847 and $3,191 for taxes and depreciation, respectively, for the Kelton residence. The record is silent as to how these changes were quantified.

## OPINION

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to demonstrate that any claimed deduction is allowable pursuant to some statutory provision and to substantiate the expense giving rise to the claimed deduction by maintaining and producing adequate records that enable the Commissioner to determine the taxpayer's correct liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). The failure to maintain and produce such records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C.

**[*8]** Memo. 2014-141, at *17. Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has it established that the requirements for shifting the burden of proof have been met. Accordingly, the burden of proof remains on petitioner. See sec. 7491(a)(2).

As an initial matter we note that section 280A, which allows a deduction for home office expenses, is inapplicable to C corporations such as petitioner. See sec. 280A(a), (c); see also G.D. Parker, Inc. v. Commissioner, T.C. Memo. 2012-327, at *47 n.12. This does not mean, however, that a C corporation cannot lease home office space from an employee (or from its owner); instead the rules under section 162 apply to such a lease arrangement where the C corporation is concerned.

Under section 162(a), a C corporation may deduct payments made to lease home office space from an employee (or from its owner) as rent if they are ordinary and necessary expenses directly connected with or pertaining to the corporation's trade or business.[4] Sec. 1.162-1(a), Income Tax Regs. Necessary

---

[4]And in turn, the lessor-employee must report the rent payments received as income on Schedule E, with no offsetting home office deduction. See sec. 280A(c)(6). Otherwise, it is improper double dipping. However, regardless of the business use of the home, the lessor-employee may deduct other expenses, such as mortgage interest and property taxes, on Schedule A. See secs. 163(a), (h)(2)(D), 164(a)(1); see also sec. 280A(b).

**[\*9]** expenses are those that are "appropriate and helpful" to the corporation's business, and ordinary expenses are those that are common or frequent in the type of business in which the corporation is engaged. Welch v. Helvering, 290 U.S. at 113; see Deputy v. du Pont, 308 U.S. 488, 495 (1940).

Whether an expense is deductible under section 162 is a question of fact to be decided on the basis of all relevant facts and circumstances. Cloud v. Commissioner, 97 T.C. 613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475 (1943)). Under the Cohan rule, if the taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude is of its making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In order for the Court to estimate the amount of a deductible expense, the taxpayer must establish some basis upon which an estimate may be made. Norgaard v. Commissioner, 939 F.2d 874, 879 (9th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1989-390; Vanicek v. Commissioner, 85 T.C. at 742-743. Otherwise, an allowance would amount to "unguided largesse." Norgaard v. Commissioner, 939 F.2d at 879 (quoting Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957)).

[*10] Petitioner claimed deductions for rent of $30,989 and $29,321 for 2012 and 2013, respectively, for the use of part of the Kelton residence. Petitioner claims that the second story of the residence was used for business purposes, to wit, as a workspace for Dr. Ng, its sole shareholder and employee, to perform administrative tasks for petitioner and to do continuing education training and medical board certification activities.

The existence of "[a] close relationship between a lessor and lessee does not mean that a valid lease agreement between them cannot exist * * * but it does require a careful examination of the circumstances surrounding the arrangement to determine whether the payments are, in fact, for the rental of property." Feldman v. Commissioner, 84 T.C. 1, 5 (1985), aff'd,791 F.2d 781 (9th Cir. 1986). Petitioner has failed to prove that its arrangement with Dr. Ng was a bona fide rental arrangement and not an arrangement to make mortgage payments on Dr. Ng's behalf for the Kelton residence. See Tyson v. Commissioner, T.C. Memo. 2009-176; Chaney v. Commissioner, T.C. Memo. 2009-55. Petitioner did not produce any evidence of a written rental agreement or other documentation to support its position that the amounts claimed were actually rent. Dr. Ng also did not treat the arrangement with petitioner as a bona fide rental arrangement as he

**[\*11]** did not report any reciprocal rental income on his 2012 and 2013 Schedules E.[5] And on the basis of the record before us, the Court is unable to make an estimate of deductible rent expenses for 2012 and 2013 under the Cohan rule. Accordingly, we sustain respondent's determination that petitioner's claimed deductions for rent for 2012 and 2013 should be disallowed.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

---

[5]Petitioner's submission to respondent of Dr. Ng's unsigned 2012 and 2013 Forms 1040X reporting in pertinent part rent received of $16,737 and $16,172 for the Kelton residence is grasping at straws and is too little too late in any event. Respondent is not required to accept and process an amended return. See Badaracco v. Commissioner, 464 U.S. 386, 393 (1984) ("[A]n amended return is a creature of administrative origin and grace."); Goldring v. Commissioner, 20 T.C. 79, 81 (1953) (holding that the acceptance or rejection of an amended return is solely within the discretion of the Commissioner); Roberts v. Commissioner, T.C. Memo. 2012-144, slip op. at 5 (citing Fayeghi v. Commissioner, 211 F.3d 504, 507 (9th Cir. 2000), aff'g T.C. Memo. 1998-297)). Additionally, pursuant to sec. 6501(a), the period of limitations on assessment for Dr. Ng's 2012 taxable year has already expired (apparently on April 15, 2016), and the decision entered by the Court on April 10, 2017, with respect to Dr. Ng's 2013 taxable year has become final.

**[*12]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.